Warren R. Paboojian, Esq. (SBN 128462)
Adam B. Stirrup, Esq. (SBN 257683)
**BARADAT & PABOOJIAN, INC.**
720 W. Alluvial Avenue
Fresno, California 93711
T: (559) 431-5366 | F: (559) 431-1702

Stuart R. Chandler, Esq. (SBN 088969)
**STUART R. CHANDLER APC**
761 E. Locust Avenue, Suite 101
Fresno, California 93720
T: (559) 431-7770 | F: (559) 431-7778

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DARREN NOBLE, individually and on behalf of decedent, DYLAN NOBLE; DARREN NOBLE, as Successor-in-Interest to the Estate of Dylan Noble,<br><br>Plaintiff,<br>v.<br><br>CITY OF FRESNO, and the CITY OF FRESNO POLICE DEPARTMENT, RAYMOND CAMACHO, ROBERT CHAVEZ, and DOES 1 thru 50, inclusive,<br><br>Defendants. | U.S. Magistrate Judge Barbara A. McAuliffe<br>Lead Case No.: 1:16-cv-01690-DAD-BAM<br>Member Case No.: 1:16-cv-01754-DAD-BAM<br><br>**STIPULATION AND JOINT REQUEST FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>Action Filed: September 1, 2016<br>Trial Date: October 16, 2018<br><br>Hearing Date: December 15, 2017<br>Time: 10:00 a.m.<br>Department: 8 |
| VERONICA NELSON, individually, and on behalf of Decedent, DYLAN NOBLE; VERONICA NELSON, as Successor-in-Interest to the Estate of Dylan Noble,<br><br>Plaintiff,<br>v.<br><br>CITY OF FRESNO; CITY OF FRESNO POLICE DEPARTMENT; RAYMOND CAMACHO; ROBERT CHAVEZ; and DOES 1 to 25, inclusive,<br><br>Defendants. | |

Pursuant to this Court's Order of November 27, 2017, Plaintiff DARREN NOBLE, individually and on behalf of Decedent, Dylan Noble, as Successor-in-Interest to the Estate of Dylan Noble, Plaintiff VERONICA NELSON, individually and on behalf of Decedent, Dylan Noble, as Successor-in-Interest to the Estate of Dylan Noble, and Defendant CITY OF FRESNO, and the CITY OF FRESNO Police Department, Defendant RAYMOND CAMACHO, and Defendant ROBERT CHAVEZ (collectively referred to as the "Parties"), by and through their attorneys, hereby stipulate and ask for the Court to enter an Order upon this stipulation, for an Order that will protect the confidentiality of the information that may be produced in documents, written discovery responses, at deposition, and at the time of trial (through a separate agreement or Order as referenced in paragraph 5.2(j) herein) by Plaintiffs, Defendants, or third parties. The Parties enter into this Stipulation for a Protective Order:

## 1. PURPOSES AND LIMITATONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

## 2. SCOPE

The protections conferred by this Order cover not only the Protected Materials (as identified in paragraph 4.1), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of its disclosure to Plaintiff as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Plaintiff prior to the disclosure or obtained by the Plaintiff after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendants. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. PROTECTED MATERIAL

### 4.1 Protected Materials

Defendants shall produce the following Protected Materials subject to this Protective Order on the following conditions:

(a) Documents Subject to Disclosure Limited to This Action. The documents requested by Plaintiffs through discovery come from Fresno Police Department's policies and procedures adopted at the time of the traffic stop of DYLAN NOBLE on June 25, 2016; Fresno Police Department's training materials in use at the time of the traffic stop of DYLAN NOBLE on June 25, 2016; and the Defendants' personnel files from citizen complaints, accident review boards, and internal investigations relating to Defendant Officers Camacho and Chavez. The following confidential documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation:

Records of Officer Camacho
- Personnel File
- Training Records
- All Internal Affairs Investigations (concerning subject shooting and any factually related shootings or use of excessive force)

Records of Officer Chavez
- Personnel File
- Training Records
- All Internal Affairs Investigations (concerning subject shooting and any factually related shootings or use of excessive force)

<u>Fresno Police Department Training Materials</u>
- Entire Officer Training Manual (in effect at the time of the subject OIS)
- All Modifications to Training Manual Since January 1, 2011

<u>Witness Statements</u>
- AXON Bodycam of All Responding and Investigatory Officers Containing Identification of Witnesses and Witness Statements
- All Audio and Written Statements of Witnesses Interviewed Related to the OIS (including, but not limited to: Officers Camacho, Chavez, Reese, Escareno, Rosario, Meiss, Calomiris, Jackson, Cervantes, Yang, and percipient or lay witnesses Nick Taylor, Raphael Golarado. Patricia Martinez, Pamoon Donsanouphit, Luis Cardenas, Juan Rendon, Samantha Rocha, Luke Phan, Phox Thammovang, Brandon Phan, Alina Phan, John Nieblas, Chai Her, Marco Gordillo, Chick Price, Miguel Sanchez Jiminez, Mateo Estrada, and Lacey Clark).

<u>Items Not Specified Herein Above That Were Otherwise Identified by the Court</u>
- Any and all records that, in its Order dated November 27, 2017 [Dkt. Doc. 38], the Court identified as being confidential, privileged, or subject to a proper protective order in this case.

Nothing in this Stipulation shall be construed as Defendants' agreement that any or all of the above specified items or materials are discoverable in this action or otherwise.

(b) <u>Redaction of Confidential Information</u>. Considering the privacy concerns contained in the personnel and Internal Investigation Records, and for any records produced in this matter, , the producing party shall redact the personal identifying information (such as social security numbers, dates of birth, driver's license number, home address, telephone numbers, financial and credit histories, medical and psychological information) for Defendant Officers Camacho and Chavez, Non-Defendant Officers, and any other persons identified in such records.

4.2 <u>Manner and Timing of Designation</u>. Designation in conformity with the Order requires:

(a) For information in documentary form (e.g. paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the City affix "CONFIDENTIAL" to each page of the protected material.

    (b)    For testimony given in deposition or in other pretrial or trial proceedings, that the City identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony.

    (c)    For information produced in some form other than documentary and for any other tangible items, the City affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

4.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the City's right to secure protection under this Order for such material.  Upon timely correction of a designation, Plaintiffs must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1    <u>Basic Principles</u>.  The Parties may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation except as needed by officials or employees of the City of Fresno, or other authorized government officials, to perform the normal course of their official duties as set forth in paragraph 5.2(i) herein.  The Parties shall refrain from any public dissemination or disclosure of Protected Material that is deemed confidential and subject to this Protective Order.  Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order.  When the litigation has been terminated, Plaintiffs must comply with the provision of section 9 below (FINAL DISPOSITION).

5.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless the Court Orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons:

    (a)    Counsel of record and the named parties;

    (b)    Attorney, paralegal, secretarial, stenographic, and clerical personnel employed by counsel of record;

    (c)    The Court and its personnel;

(d) Stenographic reporters and videographers engaged in such proceedings that are incidental to preparation for trial in this action;

(e) Any outside expert or consultant retained by the parties for purposes of this litigation;

(f) Witnesses to whom the documents and the information contained in the documents may be disclosed during, or in the preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this Order; and

(g) Any person expressly named and agreed to in writing by the parties. All such aforementioned persons are expressly bound by the terms of this Stipulation and its associated Order. Nothing in this Stipulation or any associated Order shall be construed as binding on the Court or its staff.

(h) Notwithstanding the foregoing, protected health information may be disclosed to the successors-in-interest of the estate of the decedent about whose health the information refers.

(i) Nothing in this Protective Order is intended to prevent officials or employees of the City of Fresno, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

(j) Any use of Protected Material at trial shall be governed by a separate agreement or Order of this Court.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court Order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", that Party must:

(a) Promptly notify in writing the Defendants. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Defendants whose Protective Material may be affected.

The Plaintiffs shall not produce any information that they know is designated in this or any other action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order was issued that the information is not protected confidential information, unless Plaintiffs have obtained the Defendants' permission. The Defendants shall bear the burden and expense of seeking protection in that Court of its confidential material − and nothing in these provisions should be construed as authorizing or encouraging a Plaintiff in this action to disobey a lawful directive from another Court.

**7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a) With the exception of disclosure pursuant to paragraphs 5.2(a), (b), (c), and (h) above, each person to whom the parties' counsel discloses confidential information or Protected Material shall, prior to the time of disclosure, be provided with a copy of this Protective Order and shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A".

(b) Plaintiffs' and Defendants' counsel, including paralegal, stenographic, secretarial, and clerical personnel employed by counsel of record shall not make copies of the confidential documents, or provide original to anybody, except as necessary for purposes of this litigation, including appeals, and shall not provide any copies or original to any named Plaintiff. Plaintiffs' and Defendants' counsel are responsible to ensure that their respective employees and agents comply with this Protective Order.

(c) If Plaintiff(s) learn that, by inadvertence or otherwise, (s)he has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Plaintiff(s) must immediately (a) notify the Defendants in writing of the unauthorized disclosure(s), (b) use his/her best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all the terms of this Protective Order and provide them with a copy, and (d) request that person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A".

**8.     UNPROTECTED MATERIAL**

It is understood that there may be evidence contained in Documents listed as Protected Material herein that may not be subject of a Protective Order.  To the extent the documents contained in this Protective Order herein constitute evidence not subject to this Protective Order, the Documents will be Provided NOT marked Confidential and NOT subject to this Protective Order except as otherwise set forth in paragraph 8.1 herein regarding bodycam recordings and incident videos.  It is further understood that some Documents being sought in discovery to date are NOT subject to a confidentiality agreement and are deemed as Unprotected Materials.  The definition of Unprotected Material was stated in the Court's Order of November 27, 2017 [Dkt. Doc. 38]: which is incorporated here by reference, and all future Orders of the Court, which are incorporated here by reference

    8.1     <u>Unprotected Material</u>

As defined by the Court in the Court's November 27, 2017, Order [Dkt. Doc. 38], "objective factual information" related to the incident is deemed Unprotected Material, and includes:

1. Pre-incident police reports
2. Post-incident police reports
3. Initial 911 calls
4. Dispatch audio communicated to officers
5. Photographs taken by officers and witnesses
    a. Pictures of the scene
    b. Pictures of the suspect
    c. Pictures of the suspect's vehicle
    d. Pictures of weapons
    e. Pictures of clothing
    f. Pictures of the officers' vehicles
    g. Aerial shots
    h. Autopsy pictures
6. Evidence logs
7. Evidence property sheets
8. Casings and ballistic evidence
9. Hospital and ambulance transport records

10. Coroner's report
11. Crime scene logs
12. Call event reports
13. Toxicology reports
14. Search warrant report
15. Search warrant return
16. Impound reports
17. Perimeter reports
18. Crime scene preservation reports
19. Shots-fired reports
20. Other items directly related to the scene of the use of force incident

Upon the execution of this Protective Order by the Court, this Unprotected Material shall be produced to Plaintiffs. Any items included in this section are subject to the same redaction provisions set forth in paragraph 4.1(b) herein, and the Parties agree to meet and confer with regard to any concerns that arise regarding any items listed as Unprotected Material if a dispute arises over the confidentiality of any information contained in such materials related to the Court's privacy concerns. If the Parties are unable to agree and resolve the concerns, the Parties will follow the Resolution Process set forth in paragraph 9.4 herein.

<u>Officers' Bodycam Recordings and Incident Videos Taken by Officers and Witnesses:</u> The parties agree that all bodycam recordings and incident videos shall be preliminarily provided by the producing Party subject to the confidentiality of this Protective Order despite being considered Unprotected Material so the Parties can address the Court's privacy concerns. Nothing in this Stipulation shall be construed as Plaintiffs' agreement that bodycam recordings and incident videos should be confidential or protected from disclosure in any way.

The Parties shall timely review all bodycam recordings and incident videos to identify the recordings and/or videos, and portions thereof, containing identification of witnesses, witness statements, and other Protected Material that should be subject to the confidentiality of this Protective Order to address the Court's privacy concerns. The Parties shall then participate in a preemptive meet and confer conference within thirty (30) days of the receiving Party's receipt of

the bodycam recordings and incident videos regarding any material contained within the bodycam recordings and/or incident videos that it believes should be subject to the confidentiality of this Protective Order to address the Court's privacy concerns, including the provision of time stamps identifying the potentially protected material prior to the conference. This meet and confer conference of the Parties shall take place prior to any public dissemination or disclosure of any bodycam recordings and incident videos by the receiving Party, or any further public dissemination or disclosure of any bodycam recordings and incident videos by the producing Party. If the Parties are unable to agree upon the protected status of a specific portion of a bodycam recording or incident video, the Parties agree to follow the Court's informal discovery dispute resolution procedures for a determination regarding the protected status of the material, and the Parties shall refrain from disclosure and/or dissemination of the material unless and until such determination is made by the Court.

**9.    MISCELLANEOUS**

9.1    <u>Right to Assert Other Objections</u>.  With the entry of this Protective Order, no Party waives the right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Protective Order.

9.2    <u>Filing Protected Material</u>.  All Protected Material that is filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141.  Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 141, any party may request that the Court place the documents under seal.

9.3    <u>Future Discovery</u>.  With regard to future discovery requests, if the Parties cannot agree in writing that the producing Party has a right to withhold a document or material without a non-disclosure and confidentiality agreement, the producing Party may provide the documents or materials subject to dispute to the requesting Party marked clearly as "CONFIDENTIAL".  The production shall include a short statement as to why the producing Party contends the documents or materials are confidential.  The receiving Party shall treat said documents or materials as "CONFIDENTIAL" and subject to this Protective Order until completion of the Resolution Process.  If the documents or materials are items included in the Court's November 27, 2017, Order [Dkt. Doc. 38] as "objective factual information", they shall be deemed Unprotected Material and produced not subject to this Protective Order.

The Parties agree that documents or materials produced in the course of discovery by a third party who is not a party to this action, may be subject to this Protective Order. If any party believes documents or materials sought from a third party, by subpoena or otherwise, should be treated as "CONFIDENTIAL" (e.g. the psychiatric or medical records of a party), the party claiming such confidentiality shall, upon notice that the documents or materials are being sought, notify the other party that the documents or materials are to be deemed "CONFIDENTIAL" and subject to this Protective Order. If the Parties are unable to agree that the documents or materials should be subject to this Protective Order, the Parties will follow the Resolution Process set forth in paragraph 9.4 herein. The Parties shall treat said documents or materials as "CONFIDENTIAL" and subject to this Protective Order until completion of the Resolution Process.

9.4 <u>Resolution Process</u>. Upon receipt of the documents claimed to be and marked "CONFIDENTIAL" and subject to this Protective Order that the Parties could not reach an agreement on in writing, the receiving Party shall review the documents or materials in good faith and will agree to accept the documents, in writing, subject to the confidentiality of this Protective Order. If the receiving Party does not agree that the documents or materials should be treated as confidential, the receiving Party will notify the producing Party in writing within seven (7) days that they believe the items produced are not subject to this Protective Order and why. The Parties will then follow the Court's informal discovery dispute resolution process and procedures for the Court's determination regarding the confidential status of the documents or materials.

**10. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 3, Plaintiffs must return all Protected Material to Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs must submit a written certification to the Defendants by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, depositions, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on December ___, 2017 in the case of ***Noble, et al. v. City of Fresno, et al., Case No. 1:16-cv-01690-DAD-BAM***. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date : _____

City and State where sworn and signed : _____

Printed Name            : _____

Signature               : _____

**IT IS SO AGREED**.

DATED: December 21, 2017            BARADAT & PABOOJIAN, INC.

                          By:   /s/ Adam B. Stirrup
                                Adam B. Stirrup, Esq.
                                Attorneys for Plaintiff, DARREN NOBLE

DATED: December 21, 2017            STUART R. CHANDLER, APC

                          By:   /s/ Stuart R. Chandler (as authorized on 12/21/17)
                                Stuart R. Chandler, Esq.
                                Attorney for Plaintiff, VERONICA NELSON

DATED: December 21, 2017            MANNING & KASS
                                    ELLROD, RAMIREZ, TRESTER, LLP

                          By:   /s/ Mildred R. O'Linn (as authorized on 12/21/17)
                                Mildred R. O'Linn, Esq.
                                Attorneys for Defendants, CITY OF
                                FRESNO and OFFICER RAYMOND
                                CAMACHO

DATED: December 21, 2017            FERGUSON PRAET & SHERMAN

                          By:   /s/ Bruce D. Praet (as authorized on 12/21/17)
                                Bruce D. Praet, Esq.
                                Attorneys for Defendant, OFFICER ROBERT
                                CHAVEZ

The Court having reviewed the stipulation for a protective order,

IT IS SO ORDERED.

   Dated:  **December 22, 2017**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

---

13
STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS