UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN NOBLE, individually, and on behalf of Decedent, DYLAN NOBLE, as Successor-in-Interest to the Estate of Dylan Noble,<br><br>Plaintiff,<br>v.<br>CITY OF FRESNO, and the CITY OF FRESNO POLICE DEPARTMENT, RAYMOND CAMACHO, ROBERT CHAVEZ, and DOES 1 through 50,<br><br>Defendants. | Case No. 1:16-cv-01690 DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART AND ORDERING PRODUCTION OF THE UNREDACTED INDEPENDENT AUDIT REPORT PRODUCED PURSUANT TO THE PROTECTIVE ORDER<br><br>(Doc. 29) |
| VERONICA NELSON, individually, and on behalf of Decedent, DYLAN NOBLE<br><br>Plaintiff,<br>v.<br>CITY OF FRESNO, and the CITY OF FRESNO POLICE DEPARTMENT, RAYMOND CAMACHO, ROBERT CHAVEZ, and DOES 1 through 50,<br><br>Defendants. | |

**I.    INTRODUCTION**

Currently before the Court is Plaintiff Veronica Nelson's ("Plaintiff") Motion to Compel Defendant City of Fresno ("Defendant" or "the City") to produce an unredacted version of the City of Fresno's Office of Independent Review investigative Audit Report of the Dylan Noble

1

shooting. (Doc. 51). On March 5, 2018, Defendant filed an opposition to the Motion to which Plaintiff filed a reply on March 9, 2018. (Docs. 51, 52). The Court heard oral argument on March 16, 2018. Counsel Warren Paboojian and Stuart Chandler appeared in person on behalf of Plaintiff. Counsel Lynn Carpenter appeared by telephone on behalf of Defendant. For the reasons set forth below and on the record at the hearing held on March 16, 2018, Plaintiff's Motion to Compel is GRANTED in part.

## II. RELEVANT BACKGROUND[1]

In 2009, the City of Fresno created the Office of Independent Review, in part, to audit officer involved shooting investigations completed by the Internal Affairs division ("IA") of the Fresno Police Department ("FPD"). (Doc. 50 at Ex. 5, pg. 4). The Office of Independent Review ("OIR") provides quarterly reports which are posted on the City's website indicating the outcome of the cases reviewed. In 2016, police auditor, Richard Rasmussen drafted a quarterly report showing a "summary of all complaints submitted to the FPD during the fourth quarter of 2016." (Doc. 50 at Ex. 6, pg 2). Regarding the investigation of the underlying shooting of Dylan Noble—case 16-0051—the 2016 Quarterly summary concluded that the incident was "Not Within Policy." (Doc. 50 at Ex. 6, pg 2).

The complete version of the OIR Audit Report, not available on the City's website, contains opinions and conclusions of the auditor, Mr. Rasmussen, about whether the officer's conduct violated the policies of the FPD in the shooting of Dylan Noble. During discovery, Plaintiff served requests for production seeking a final version of Mr. Rasmussen's complete Audit Report and the related file. After initially refusing production, the City produced a redacted version of the relevant Audit Report. The analysis, conclusions and recommendations section, approximately three full pages, was redacted from the report, leaving a summary of the IA report that Plaintiff argues was already in her possession. The entire report was marked confidential and therefore subject to the stipulated protective order entered earlier in this case. (Doc. 43).

As a result of the redactions to the OIR Audit Report, Plaintiff's counsel requested a status

---

[1] The facts of this case are well known to the parties and the Court need not repeat them here.

conference with the Court. At the status conference on February 21, 2018, Plaintiff argued that the City was improperly withholding the unredacted version of the OIR on the basis of the official information and deliberative process privileges. (Doc. 48). The Court attempted to resolve the discovery dispute informally, but Defendant City, however, would not agree to an informal resolution of the disputed issues. The Court allowed the parties to brief the issue of privilege in a formal motion to compel and ordered Defendant to submit the redacted and unredacted versions of the OIR Audit Report for *in camera* review. (Doc. 48).

### III. DISPUTED DISCOVERY REQUESTS

Plaintiff's formal motion to compel is currently pending before the Court. As detailed in the motion, Plaintiff seeks (1) an undredacted version of the City of Fresno's Office of Independent Review investigative Audit Report pertaining to the Dylan Noble shooting; and (2) a list of the documents relied on by the OIR in drafting the Audit Report and/or the entire file underlying the OIR. Plaintiff's specific requests for production are as follows:

Request for Production No. 158 seeks "a true and correct copy of the final Investigative Report of the City of Fresno's office of Independent Review regarding the June 25, 2016 Dylan Noble 'Officer Involved Shooting,' referenced on the City of Fresno Office of Independent Review Website as 'IA PRO CASE #16-0051.'"

Request for Production No. 159 seeks "a true and correct copy of the entire file of the City of Fresno's Office of Independent Review regarding the Dylan Noble shooting that took place on June 25, 2016."

(Doc. 50 at 7-9).

### IV. PARTIES' ARGUMENTS

As a general matter, Plaintiff first argues that Defendant's refusal to produce the OIR Audit Report is contrary to the express purpose of the OIR and the independent audit process. According to Plaintiff, the City of Fresno established the Office of Independent Review to help "increase the level of transparency for the Police Department." (Doc. 50 at 5). In Plaintiff's view, the City's efforts to shield the OIR Audit Report from discovery is not based on valid principles of discovery, but an attempt to hide the results of an independent audit that was critical

3

of the FPD.

With respect to the specific discovery requests, Plaintiff argues that the unredacted version of the OIR Audit Report should be produced outside of the protective order because Defendant has not validly asserted the official information and deliberative process privileges in response to Plaintiff's RFPs, and therefore, the Court should deem the privileges waived without an *in camera* review. Plaintiff states that Defendant failed to submit a timely supporting declaration from a responsible official within their agency at the time of the City's objection to production. (Doc. 50 at 8). Plaintiff also contends that because the "analysis and opinions" of the OIR are neither predecisional nor deliberative, that information is not subject to privilege protections. (Doc. 50 at 8-9). Moreover, Plaintiff asserts that her "need for the material is substantial" and as a result her interests as a civil-rights litigant outweighs any governmental interest in maintaining the secrecy of any deliberative or official process. Finally, with respect to the file underlying the Audit Report, Plaintiff argues that the City should be ordered to specifically identify what documents were sent to the OIR.

Defendant argues that Plaintiff is not entitled to an unredacted Audit Report because the "analysis and recommendations" section of the Audit Report is a privileged "official record" protected from disclosure. (Doc. 51 at 5). Specifically, Defendant argues that the results of the independent audit "are of vital significance to the City's ability to obtain independent analysis of its own investigations to further develop proper remedial actions when needed, and assess the viability of its current policies." (Doc. 51 at 5). Defendant further argues that production, even under a protective order, would have a chilling effect on the incentive to pursue an independent analysis.

In support of this argument, Defendant submits the declaration from Robert Nevarez, a Deputy Chief in the Fresno Police Department. *See* Declaration of Robert Nevarez ("Nevarez Decl."), Doc. 51-1. In his declaration, Deputy Nevarez states that he has personally reviewed the unredacted OIR Audit Report, Internal Affairs Case Number 2016-0051. Nevarez Decl. ¶ 16. According to Deputy Nevarez, public dissemination of the Audit Report would implicate the privacy rights of the involved officers, other third party witnesses, and witness officers. Nevarez

4

Decl. ¶ 13. He states that the subjective opinions are part of the deliberative process and that disclosure would have a chilling effect on forthright opinions and recommendations and the ability to conduct self-critical analysis. Nevarez Dec. ¶¶ 14, 16.

## V. RELEVANT LAW

### A. Official Information Privilege

Federal common law also recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 613-14 (N.D. Cal. 1995); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir.1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993).

However, before a court will engage in this balancing of interests, the party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." *Kelly*, 114 F.R.D. at 669. In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id.* The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." *Id.* at 670; *see also Chism v. Cnty. of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994); *Hampton*, 147 F.R.D. at 230-31; *Miller*, 141 F.R.D. at 301. A strong affidavit would also describe how the plaintiff could acquire information

of equivalent value from other sources without undue economic burden. *Kelly*, 114 F.R.D. at 670.

If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests. *Id.* at 671; *Chism*, 159 F.R.D. at 533-34; *Hampton*, 147 F.R.D. at 231; *Miller*, 141 F.R.D. at 301.

### B. Deliberative Process Privilege

The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S. Ct. 1060, 149 L. Ed. 2d 87 (2001) (*quoting N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975)); *see also F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government." *Id.* at 8-9 (internal citations and quotations omitted). The Supreme Court has expressly recognized the privilege with respect to the decision-making processes of government agencies. *North Pacifica, LLC*, 274 F. Supp. 2d at 1121 (*citing N.L.R.B.*, 421 U.S. at 148-53)).

"A document must meet two requirements for the deliberative process privilege to apply. First, the document must be predecisional—it must have been generated before the adoption of an agency's policy or decision." *F.T.C.*, 742 F.2d at 1156. "Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id.* "Purely factual material that does not reflect deliberative processes is not protected"; however, factual material that "is so interwoven with the deliberative material that it is not severable" is protected. *Id.*; *see also Sanchez v. Johnson*, No. C-00-1593 CW (JCS), 2001 U.S. Dist. LEXIS 25233, 2001 WL 1870308, at *5 (N.D. Cal. Nov. 19, 2001) ("[T]he fact/opinion distinction

should not be applied mechanically. Rather, the relevant inquiry is whether 'revealing the information exposes the deliberative process.'"). The burden of establishing the privilege is on the party asserting it. *North Pacifica, LLC*, 274 F. Supp. 2d at 1122.

However, the deliberative process privilege is a qualified one. *F.T.C.*, 742 F.2d at 1156. Thus, even if the privilege is established, a "litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.*; *see also North Pacifica, LLC*, 274 F. Supp. 2d at 1122. "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Other factors that a court may consider include: 5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, 6) the seriousness of the litigation and the issues involved, 7) the presence of issues concerning alleged governmental misconduct, and 8) the federal interest in the enforcement of federal law. *North Pacifica, LLC*, 274 F. Supp. 2d at 1122 (*citing United States v. Irvin*, 127 F.R.D. 169, 173 (C.D. Cal. 1989)).

## VI. ANALYSIS

### A. Whether the Court Should Compel the Informal Resolution Process

In granting the parties' permission to file a formal motion to compel, the Court ordered Defendant to address why the informal discovery resolution process should not be compelled given the explicit language in the stipulated protective order stating that "[t]he parties will follow the Court's informal discovery dispute resolution process and procedures for the Court's determination regarding the confidential status of documents." (Doc. 43 at 11 para 9.4). Prior to the instant motion, the parties engaged in a lengthy discovery dispute that resulted in the entry of a stipulated protective order. (Doc. 42, 43). Sections 9.3 and 9.4 of that stipulated protective order detail the procedures for future discovery requests.

In Section "9.3 Future Discovery," the parties stipulated that "with regard to future discovery requests, if the parties cannot agree in writing that the producing Party has a right to withhold a document…the producing party may provide the documents subject to the dispute the

requesting party marked clearly as CONFIDENTIAL" and "the receiving Party shall treat said documents or materials as "CONFIDENTIAL" and subject to this Protective Order until completion of the Resolution Process. (Doc. 43 at 10).

In Section "9.4 Resolution Process," the parties agreed that if they could not reach an agreement as to whether documents should be treated as confidential the "Parties will…follow the Court's informal discovery dispute resolution process and procedures for the Court's determination regarding the confidential status of the documents or materials." (Doc. 43 at 11).

In objecting to the informal resolution process for the purposes of the instant motion, the City argues that by entering into the stipulated protective order, it never intended to waive its right "to formal resolution and briefing, if the informal dispute procedure would not adequately preserve the record." (Doc. 51 at 13). The City also argues that because the Audit Report at issue here was not delineated in the protective order, disagreements regarding the confidentiality of this document are therefore not subject to the terms of the protective order and the resulting informal resolution process.

Defendant's arguments are unpersuasive. Participation in the Court's informal resolution process does not deprive Defendant or any party of their right to object to discovery or assert privilege protections. Instead, the informal discovery resolution process is designed to narrow issues, avoid litigation costs, and achieve a quicker resolution for the parties than a formal noticed motion. Indeed, the need to utilize the informal process in this case was predicated in large part on the parties' earlier protracted discovery dispute.

The stipulated protective order as agreed to by the parties lays out the procedure to be used for "future discovery" disputes. By the terms of the protective order, the parties intended to be bound by the informal discovery process going forward in this case. To the extent that Defendant argues that the Audit Report is not subject to the stipulated protective order, this argument is equally unpersuasive. The documents included as "protected material" under section 4.1 include "accident review board, and internal investigations relating to Defendant officers." (Doc. 43 at 3). While not explicitly identified in the protective order, the parties knew that an issue of confidentiality would arise as to the Audit Report; and the nature of the Audit Report is

certainly similar enough to items detailed in the protective order to conclude that the treatment of all of these items should be similar.

Ultimately, Defendant's efforts to evade the informal resolution process here are not well taken. The Court provides the abbreviated discovery dispute process to save time and resources. This case has already suffered significant delay, which forced the parties to seek lengthy continuances of the trial. (Doc. 49). The parties have already been informed that going forward, the Court will not modify the scheduling order absent a detailed showing of good cause, which will be subject to this Court's discretion. Fed. R. Civ. P. 16(b). The clock is ticking, and future discovery disputes will be handled as a part of the Court's informal resolution process as stipulated in the protective order, and all such disputes will be on the record.

**B.     Whether Defendant's Declaration is Sufficient**

**i.     Timeliness of Defendant's Declaration**

In challenging Defendant's assertions of privilege, Plaintiff first argues that Defendant waived the right to assert privileges here by failing to submit a timely declaration from an agency official at the time of the objection to production. (Doc. 50 at 8). Defendant's opposition does not specifically address the issue of timeliness, but generally asserts that Deputy Nevarez's declaration satisfies the threshold requirements.

To make a substantial threshold showing of a qualified privilege, a "party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Kelly*, 114 F.R.D. at 669

Here, the invocation of the official information and deliberative process privileges appears to be untimely given that Defendant did not submit a supporting affidavit until the filing of the Opposition to the motion to compel. *Cf. Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) (as to the "official information" privilege, requiring submission of affidavit from the head of the department at the time responses to the discovery requests are served); *Centeno v. City of Fresno*, No. 1:16-CV-653 DAD SAB, 2016 U.S. Dist. LEXIS 180013, 2016 WL 7491634, at *13

(E.D. Cal. Dec. 29, 2016) (requiring that the declaration or affidavit from a responsible official within the agency be submitted at the time a party files and serves its response to a discovery request); *Nehad v. Browder,* 2016 U.S. Dist. LEXIS 62594, 2016 WL 2745411, at *6 (S.D. Cal. May 10, 2016) (same). However, Courts have been hesitant to apply an automatic privilege waiver for procedural failures during discovery. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (the Ninth Circuit has "reject[ed] a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit."); *Perez v. United States*, No. 13cv1417-WQH-BGS, 2016 U.S. Dist. LEXIS 15887, 2016 WL 499025 at *3 (S.D. Cal. Feb. 9, 2016) ("Defendants failure to provide Plaintiffs with a declaration in support of the official information privilege or deliberative process privilege at the time they provided the privilege log did not result in an automatic waiver of either privilege.").

Indeed, in a similar case, this Court declined to apply an automatic waiver to Defendants' failure to provide Plaintiff with a declaration in support of the official information privilege or deliberative process privilege at the time Defendant initially objected to discovery because of the important underlying policy concerns. *See Macias v. City of Clovis*, No. 1:13-CV-01819-BAM, 2015 U.S. Dist. LEXIS 156106, 2015 WL 7282841, at **3-4 (E.D. Cal. Nov. 18, 2015).

Like in *Macias*, given the policy concerns implicated here, the Court will consider the merits of Defendant's privilege objections even though these objections are supported by an untimely affidavit. *Id.*; *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (noting that discovery rules are to be accorded a broad and liberal treatment); *accord Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961); *see also Aguilar v. County of Fresno*, 2009 U.S. Dist. LEXIS 107946, 11-13, 2009 WL 3617984 (E.D. Cal. Oct. 29, 2009) (refusing to find waiver of the privacy privilege where Plaintiff failed to raise a timely objection in their initial discovery response). Consequently, the Court finds that under the circumstances, Defendant did not automatically waive its right to assert privilege objections to the discovery at issue here.

      **ii.**      **Sufficiency of Defendant's Head of the Department**

Plaintiff also challenges Deputy Nevarez's declaration as insufficient to satisfy the

requirement that the assertion of privilege be supported by a sworn declaration from the relevant department head.  Plaintiff explains that as a member of the FPD, Deputy Nevarez is not the head of the relevant agency—the Office of Independent Review. However, at least one court has noted that, when interpreting the sufficiency of the declaration in support of the deliberative process privilege, it would be "counterproductive to read 'head of the department' in the narrowest possible way[.]" *See Perez*, 2016 WL 499025 at *3 (*citing Landry v. F.D.I.C.*, 204 F.3d 1125, 1135, 340 U.S. App. D.C. 237 (D.C. Cir. 2000) (citations omitted). The Court in *Perez* stated:

> The "[agency head] procedural requirements are designed to ensure that the privileges are presented in a deliberate, considered, and reasonably specific manner" *Id.* (declining to require that assertion by the head of the overall department or agency is necessary to invoke the deliberative process privilege, and citing cases supporting that conclusion). This helps to ensure that the privilege is invoked by an informed executive official of sufficient authority and responsibility to warrant the court relying on his or her judgment. *National Lawyers Guild v. Attorney General*, 96 F.R.D. 390, 396 (S.D.N.Y 1982).

*See Perez*, 2016 WL 499025 at *3.

According to Deputy Nevarez's declaration, his responsibilities include oversight of the Administrative Services Division which includes "Internal Affairs, Personnel, Audits and Inspections Policy and Procedure, Regional Training Center, Fiscal Affairs, and Police Civil Litigation." Nevarez Decl. ¶ 2. Given the scope of Deputy Nevarez's responsibilities, he is an appropriate person to author the declaration for the purposes of the privileges alleged here. It is the City's privilege, and while the FPD did not create the Audit Report, Deputy Nevarez is the head of the department with control over the requested information. *Miller*, 141 F.R.D. at 300 (declaration must be from the head of the department which has control over the matter.)  For that reason, he can adequately opine on the impact of potential disclosure threatened here and he has sufficient authority and knowledge to assure the Court that the privilege is being presented thoughtfully and specifically.

### C. Whether the Invoked Privileges Preclude Disclosure

#### i. Deliberative Process

The Court next considers Defendant's contention that the OIR Audit Report is protected

by the deliberative process privilege. Courts have held that the deliberative process privilege is "inappropriate for use in civil rights cases against police departments." *Soto,* 162 F.R.D. at 612; *see also e.g., Nehad v. Browder,* 2016 U.S. Dist. LEXIS 62594, 2016 WL 2745411, at *6 (S.D. Cal. May 10, 2016); *Medina v. County of San Diego*, 2014 WL 4793026, at *7 (S.D. Cal. Sept. 25, 2014). The deliberative process privilege should "be invoked only in the context of communications designed to directly contribute to the formulation of important public policy," and thus "would offer no protection at all to most of the kinds of information police departments routinely generate." *Id.* Courts thus reject use of the deliberative process privilege as applied to internal affairs investigations, as well as records of witness or police officer statements because they are of the type that are routinely generated. *Id.* (the application of the deliberative process privilege is not appropriate in civil rights cases against police departments). The Court agrees with this reasoning that the deliberative process privilege is inapplicable to the production of OIR Audit Report.

Here, while Defendant argues that the Auditor's subjective analysis and recommendations are crucial to the deliberative process, the City, who bears the burden of establishing the deliberative process privilege, does not identify which policy or decision relates to the Audit Report. Defendant has not indicated how the Audit Report directly contributes to the formulation of policy nor how the FPD intends to use the recommendations included in the Audit Report. Rather, Deputy Nevarez's declaration warns against disclosure due in part to privacy rights of the involved officers and witnesses, and the potential that disclosure could "expose the City to additional fiscal losses." Nevarez Decl. ¶ 11, 13, 15. These concerns are insufficient to meet the threshold test for invoking the deliberative process privilege.

The comments by Deputy Nevarez on the potential chilling effect posed by disclosure is better understood as a fear that the ability for the police department to be self-critical would be curtailed if discovery were allowed. The self-critical analysis privilege, however, is not recognized by the Ninth Circuit as a valid bar to disclosure. *Dowling v. American Hawaii Cruises*, 971 F.2d 423, 426 (9th Cir. 1992) (Ninth Circuit found that the self-critical analysis did not protect routine internal corporate reviews of matters related to safety concerns). Thus, based

12

on the information before the Court, Defendant has failed to establish that the deliberative process privilege applies to the OIR Audit Report.[2]

### ii. Official Information Privilege

In a prior ruling on whether the official information privilege barred disclosure of internal affairs and policy information in this case, this Court balanced the public and governmental interests in disclosing relevant officer personnel files, police department training materials, policies, procedures, and the IA investigations and concluded that the balance tipped rather clearly in favor of disclosure of that information subject to a protective order. *Noble v. City of Fresno*, 2017 WL 5665850, at \*\*10-11 (E.D. Cal. Nov. 27, 2017).

Here, Deputy Nevarez's declaration explains that the OIR Audit Report is an evaluation of the City's "investigation adequacy and thoroughness," as well as a review of "the quality and accuracy of the investigative report." Nevarez Decl. ¶ 7. Put more simply, the OIR Audit Report at issue here is merely an investigation of an investigation. This secondary investigation, conducted by an outside auditor, thus reviews the results of Internal Affairs investigations in comparison to previously established police training materials, department policies, and police practices. The nature of the OIR Audit Report is therefore analogous to the categories of training, policy, and IA investigation materials already ordered produced by this Court. *Noble*, 2017 WL 5665850 at \* 12. The official information privilege serves an important purpose, but it does not automatically apply to all evaluative portions of internal affairs type reports. As the *Kelly* court explained, courts which view evaluative comments and opinions in internal affairs reviews as being protected by a near absolute privilege "make a mockery of the whole concept of balancing." *Kelly*, 114 F.R.D. at 664; *Carter v. Carlsbad*, No. 10CV1072-IEG BLM, 2011 WL 669227, at \*4 (S.D. Cal. Feb. 15, 2011). Given the prior ruling in this case, and the general judicial preference for disclosure of relevant evidence in the civil rights cases, the Court cannot justify withholding the unredacted version of the OIR from Plaintiff on any

---

[2] At oral argument, Defendant re-emphasized its reliance of *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997) for the proposition that Audit Report is predecisional and deliberative. *Maricopa* is distinguishable because it was not a civil rights case, but rather a Freedom of Information case. Civil rights cases have strong public policies of disclosure. Indeed, the Court in *Maricopa* rejected a similar argument that a memorandum is predecisional because it involved an ongoing audit process. "[W]e are required to reject the government's primary argument that a continuing process of agency self-examination is enough to render a document 'predecisional.'" *Id.*

13

basis proffered by Defendant. Accordingly, Defendant will be ordered to produce the OIR Audit Report in its entirety, subject to the limitations discussed below.

### D. Disclosure Shall Occur Subject to the Protective Order

The Court has reviewed the unredacted version of the OIR Audit Report *in camera* and finds that disclosure of the unredacted OIR Audit Report subject to the protective order already in place will serve the interests of both parties in facilitating discovery, while also protecting the government's interests.

The Court, however, declines Plaintiff's request to review the unredacted version of the Audit Report and identify the portions of the OIR Audit Report that are factual in nature and therefore subject to public disclosure. *In camera* review is not intended to shift the burden of review of relevant documents from the parties to the Court. *Centeno*, 2016 WL 7491634, at *16.

### E. Whether Defendant Must Identify Documents Relied on by the OIR

Finally, Plaintiff seeks the file provided to the OIR and/or a list of the documents relied on by the OIR in evaluating the underlying incident. At oral argument, Plaintiff clarified her position and suggested that some identification of the documents—either by Bates number or a general description—would satisfy her discovery request and further serve the purpose of expediting discovery related to depositions and documents about the OIR Audit Report. Defendant objects to Plaintiff's request as unduly burdensome, in part, because Defendant has already produced any and all items provided to the OIR. According to Defendant, the OIR relied solely on the documents and materials of the investigating agency and those documents have been turned over to Plaintiff. When pushed at the discovery hearing to provide further argument as to why Plaintiff's request is unduly burdensome, Defendant did not identify any specific burden, and but reiterated its stance that the City has already complied with its discovery obligations by producing the documents.

Rule 1 of the Federal Rules of Civil Procedure stresses that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In light of the particular circumstances of this case, including this protracted discovery dispute and the prior lengthy discovery dispute, the Court finds good cause to exercise

its discretion to authorize the requested discovery. The Court comes to this decision after careful consideration of the filings; the minimal burden to Defendant, the recent continuance of discovery and trial dates; and the general principles of just case management under Rule 1 of the Federal Rules of Civil Procedure. The parties are ordered to meet and confer to determine the least burdensome and cost efficient method of identifying the documents which were given to OIR for the OIR to conduct its audit.

**VII. CONCLUSION AND ORDER**

Based on the arguments presented here and as stated on the record, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel the unredacted OIR Audit Report is GRANTED in PART. Defendant is ordered to produce the unredacted version of the Audit Report subject to the protective order previously entered in this case within seven (7) calendar days of this Order,
2. Defendant shall identify the documents provided to OIR as discussed in this order; and
3. The original redacted and unredacted OIR Audit Report, submitted for in camera review, shall be returned to Defendant. Defendant SHALL arrange to have the documents picked up from Courtroom Deputy Harriet Herman within seven (7) days of the Court's order.

IT IS SO ORDERED.

Dated: **March 19, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE